UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 1:14-CR-71 |
| | : |
| DAVID T. MACON | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

Presently before the court is defendant David T. Macon's motion (Doc. 35) to correct sentence pursuant to 28 U.S.C. § 2255.  Because the court concludes that Defendant's motion fails to satisfy the gatekeeping requirements of 28 U.S.C. § 2255(f), the motion will be held in abeyance until the Supreme Court of the United States issues an opinion in Beckles v. United States, 136 S. Ct. 2510 (2016) (mem.).

*II.      Background*

On March 19, 2014, Defendant was indicted on two charges: (1) being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) (Count 1); and (2) possession of a stolen firearm, 18 U.S.C. §§ 922(j) (Count 2).  (Doc. 1).  On May 15, 2014, he pleaded guilty to Count 1.  (Doc. 23).

Defendant's Presentence Investigation Report ("PSR") indicated that he had prior adult convictions for conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and using and carrying a firearm during a crime of violence.  (PSR ¶ 24).  The PSR noted that his Base Offense Level would be calculated under United States

Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2K2.1(a)(4)(A) due to the instant offense being committed "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." (PSR ¶ 12). The PSR does not identify which of the three prior convictions qualified as the prior "crime of violence" under § 2K2.1(a)(4)(A).[1] Taking into account that the firearm was stolen, and Defendant's acceptance of responsibility, Defendant's Total Offense Level was determined to be 19, with a criminal history category of III. (PSR ¶¶ 13, 19, 20, 27). Consequently, his imprisonment range under the Guidelines was 37 to 46 months. (PSR ¶ 50).

On August 28, 2014, the court sentenced Defendant to 37 months' imprisonment. (Doc. 32). On June 3, 2016, he filed the instant motion to correct sentence pursuant to 28 U.S.C. § 2255, his first such motion. (Doc. 35).

Defendant contends that the sentence imposed by this court on August 28, 2014, was unconstitutional in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 35 at 2). Defendant's argument goes like this: because Johnson found the residual clause of the Armed Career Criminal Act ("ACCA") constitutionally infirm, and because the Supreme Court subsequently made Johnson's holding retroactive on collateral review, and because the Third Circuit has found the identically worded residual clause of the Guidelines equally unconstitutional, and because the rule announced in Johnson is a substantive rule that should apply equally to the Guidelines and be given retroactive effect, Defendant's prior conviction no longer qualifies as a predicate "crime of violence" to enhance his offense level calculation, and therefore his sentence must be vacated as it violates due process of law.

---

[1] The court notes that the parties' briefing demonstrates that the convictions for Hobbs Act robbery and conspiracy to commit Hobbs Act robbery are most relevant to Defendant's designation as a career offender under U.S.S.G. § 2K2.1(a)(4)(A).

2

(Doc. 35 at 2-14). Without the enhancement for the prior crime of violence, Defendant estimates that his recommended sentencing range under the Guidelines would have been 15 to 21 months. (Id. at 2).

The Government contends that Defendant's 2255 motion fails for procedural reasons and also fails on its merits. First, the Government argues that Defendant's initial 2255 motion is time barred because it was filed more than one year after his judgment of conviction became final, and no circumstances exist that would allow for a later filing under the explicit requirements of section 2255(f). (Doc. 41 at 2-6). The Government then briefly states that Hobbs Act robbery is a crime of violence even if Defendant's motion were timely and Johnson applies to the Guidelines retroactively on collateral review, (id. at 7-8), before launching into a lengthy argument for why Johnson does not apply retroactively on collateral review for challenges to sentences under the Guidelines, (id. at 8-39).

For the reasons that follow, the court finds that Defendant's motion fails to satisfy the gatekeeping requirements set forth by Congress in 28 U.S.C. § 2255(f). Defendant's motion will be held in abeyance pending a decision from the Supreme Court of the United States in Beckles, where the Court will—hopefully—address the questions[2] at issue in the instant case.

---

[2] In Beckles, the questions presented are as follows:
> 1. Whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)? 2. Whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review? 3. Whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after Johnson?

QPReport, Beckles v. United States, 136 S. Ct. 2510 (2016) (No. 15-8544), https://www.supremecourt.gov/qp/15-08544qp.pdf.

*III.        Standard of Review*

Under 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside, or correct a sentence that he claims was imposed unconstitutionally or unlawfully. 28 U.S.C. § 2255(a).  Section 2255(f) provides the time limits for filing an initial 2255 motion:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant case, Defendant did not file a direct appeal.  Accordingly, his judgment of conviction became final when the time for filing such an appeal expired.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations [for an initial 2255 motion] begins to run, on the date on which the time for filing such an appeal expired.").

Under Federal Rule of Appellate Procedure 4(b)(1)(A), a notice of appeal from entry of judgment in a criminal case must be filed in the district court within fourteen

days. Because judgment was entered in Defendant's case on August 28, 2014, he had fourteen days, or until September 11, 2014, in which to file a notice of appeal. (See Doc. 32); FED. R. APP. P. 4(b)(1)(A)(i). Thus, Defendant's time for filing an appeal expired on September 12, 2014, making his judgment of conviction final at that time; this, in turn, started the clock for the one-year statute of limitations period for filing an initial 2255 motion, which limitations period subsequently expired on September 12, 2015. See 28 U.S.C. § 2255(f).

Accordingly, because Defendant filed his initial 2255 motion on June 3, 2016, almost nine months past the one-year statute of limitations period measured by the date his judgment of conviction became final, he must be able to avail himself of one of the other provisions in section 2255(f) to save his 2255 motion from being time barred. Here, only section 2255(f)(3) appears relevant, and indeed it is the only provision referenced by the parties. The question, however, is whether 28 U.S.C. § 2255(f)(3) applies to Defendant's 2255 motion, as he is attempting to challenge the constitutionality of his federal sentence allegedly enhanced by the residual clause of the Guidelines, rather than a conviction under the residual clause of the ACCA.

IV.     *Discussion*

Section 2255(f)(3) allows a defendant to file a motion seeking to collaterally attack his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); see also Dodd v. United States, 545 U.S. 353, 357–58 (2005) (explaining that the section 2255(f)(3) limitation period runs from the date on which the Supreme

5

Court recognizes the new right, not the date on which the new right was made retroactive). By its plain language, section 2255(f)(3) clearly states that the "right" relied on by a defendant must be newly recognized "*by the Supreme Court.*" 28 U.S.C. § 2255(f)(3) (emphasis added). The recognition of a new right by any other court does not confer on a defendant the ability to collaterally attack his sentence through section 2255(f)(3) in the event that more than one year has passed since his judgment of conviction became final.

Here, Defendant filed the instant 2255 motion within one year of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and argues that Johnson entitles him to relief because it established a new "right" that was made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016). In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2563. This holding was a new substantive rule of constitutional law that was made retroactive to ACCA-residual-clause cases on collateral review. Welch, 136 S. Ct. at 1262.

Although section 4B1.2(a)(2) of the Guidelines contains a residual clause that is identical to the now-void residual clause of the ACCA, it is entirely unclear whether the Supreme Court, through Johnson or Welch, established a newly recognized right that would permit a defendant to collaterally challenge, through section 2255(f)(3), a sentence allegedly enhanced by the Guidelines' residual clause. See United States v. Mason, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *3 (E.D. Wash. Nov. 16, 2016) ("Section 2255 does not permit a [movant] to cite Supreme Court authority in name only as a hook to ask the court to consider the merits of an argument unrelated to or distinct from the new

rule recognized by the Court." (citing Stanley v. United States, 827 F.3d 562 (7th Cir. 2016)).

In Johnson and Welch, the new "rule" (or "right" for purposes of section 2255(f)(3))[3] that the Supreme Court recognized and made retroactive on collateral review "solely pertained to [the] ACCA." Mason, 2016 WL 6803098, at *4. Indeed, the Court in Johnson "unequivocally rejected the suggestion that its decision called into question the residual clauses in 'dozens of federal and state criminal laws' using similar terms," id. (citing Johnson, 135 S. Ct. at 2561), and the Court in Welch confirmed that its Johnson decision "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion,'" id. (quoting Welch, 136 S. Ct. at 1262). In Welch, the Court even clarified that "the rule announced in Johnson" changed the "substantive reach of the [ACCA]"; the decision said nothing about the Guidelines. In short, neither Johnson nor Welch sweeps so broadly as to create a newly recognized "right" that encompasses the residual clause of the Guidelines. See United States v. Willis, No. 1:16-CV-815, 2016 WL 5219589, at *3 n.7 (E.D. Va. Sept. 20, 2016)

---

[3] We note that although the language of section 2255(f)(3) requires the establishment of a "right [that] has been newly recognized by the Supreme Court" for initial 2255 motions, section 2255(h)(2) sets forth a slightly different standard, permitting second or successive 2255 motions where there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. § 2255(f)(3), (h)(2). The Third Circuit has "read the requirement of a newly recognized right as broader than the 'new rule of constitutional law' expressly required for second or successive § 2255 motions." United States v. Lloyd, 188 F.3d 184, 187 (3d Cir. 1999). However, "[a]lthough the terminology used in § 2255(f)(3) is slightly different, it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are 'newly recognized' from rights that are recognized in [a] 'new rule' under established retroactivity jurisprudence." Headbird v. United States, 813 F.3d 1092, 1095 (8th Cir. 2016). In fact, several circuits have equated the two inquiries. See id. (citing Butterworth v. United States, 775 F.3d 459, 464–65 (1st Cir. 2015); United States v. Mathur, 685 F.3d 396, 398–99 (4th Cir. 2012); Figuereo–Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir. 2012)); see also Donnell v. United States, 826 F.3d 1014, 1016 (8th Cir. 2016) ("Section 2255(h)(2) should be construed *in pari materia* with § 2255(f)(3), as the limitations provision undoubtedly was designed to accommodate second or successive motions authorized under § 2255(h)(2).").

7

(interpreting the "right" announced in Johnson to be its narrow "holding that the ACCA residual clause is unconstitutionally vague").

Moreover, the requirement of 28 U.S.C. § 2255(f)(3) is clear that, to permit a collateral challenge, the "right" must be initially recognized by the Supreme Court, not by this court or the circuit courts. Consequently, the Third Circuit's holding in United States v. Calabretta, 831 F.3d 128 (3d Cir. 2016)—that the Guidelines' residual clause is unconstitutionally vague in light of Johnson—is irrelevant to the instant section 2255(f)(3) inquiry. This is because Calabretta involved a direct appeal, not a collateral challenge, that questioned the constitutionality of the Guidelines' residual clause, id. at 133-34, and, more importantly, the Third Circuit is not the Supreme Court and cannot initially recognize a new right for purposes of section 2255(f)(3).

For the foregoing reasons, this court respectfully declines to proceed as far as other courts in this district. Those courts, dealing with similar 2255 motions based on the residual clause of the Guidelines, analyzed retroactivity on collateral review and reached the merits of the motions. See United States v. Jackson, 3:11-CR-211, slip op. at 3-5 (M.D. Pa. Nov. 9, 2016); United States v. Stanford, 3:08-CR-307, slip op. at 8-12 (M.D. Pa. Oct. 18, 2016); United States v. Swerdon, No. 3:12-CR-87, __ F. Supp. 3d __, 2016 WL 4988065, at *3-4 (M.D. Pa. Sept. 19, 2016). Although the 2255 motions at issue in those cases were apparently filed pursuant to 28 U.S.C. § 2255(f)(3) as well, none of the decisions analyzes subsection (f)(3)'s distinct procedural hurdle: whether the "right" the Supreme Court recognized in Johnson is broad enough to encompass the Guidelines' residual clause, as opposed to only the residual clause of the ACCA. These cases did not acknowledge—likely because it was not argued—that, under section 2255(f)(3), the

Supreme Court has yet to declare a new "right"—or "rule"—with respect to the constitutionality of the Guidelines' residual clause. See Mason, 2016 WL 6803098, at *3-4 (emphasizing that the "initial recognition of the new rule must come from the Supreme Court, *not from this court*," and noting that although "many courts have passed by the gatekeeping of § 2255(f)(3) and proceeded to the merits, often because the Government has conceded this point, some courts have not").

In this case, the court finds that Defendant's 2255 motion "seeks to assert a new right that has not [yet] been recognized by the Supreme Court." Donnell, 826 F.3d at 1017. Instead, Defendant "urges the creation of a *second new rule* that would apply Johnson and the constitutional vagueness doctrine to a provision of the advisory sentencing guidelines." Donnell, 826 F.3d at 1017 (emphasis added).

The court declines Defendant's proposal, not only because section 2255(f)(3) explicitly requires that such a right be initially recognized by the Supreme Court, but also because the Supreme Court is poised to decide whether such a right exists. As noted above, the issues of the constitutionality of the Guidelines' residual clause in light of Johnson, and whether federal sentences enhanced by the Guidelines' residual clause are subject to a retroactive attack on collateral review, are currently before the Supreme Court. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016) (mem.). The Supreme Court recently heard oral argument in Beckles. Tr. of Oral Arg. at 1, Beckles v. United States, 136 S. Ct. 2510 (Nov. 28, 2016) (No. 15-8544).

The Court's much-anticipated decision in Beckles will—hopefully—resolve the issue of whether there is a newly established "right," either under Johnson or Beckles itself, to collaterally challenge federal sentences allegedly enhanced by the Guidelines'

9

residual clause. See, e.g., In re: Embry, 831 F.3d 377, 382 (6th Cir. 2016) ("After the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently."). Such a right would permit, under 28 U.S.C. § 2255(f)(3), the filing of initial 2255 motions even if more than one year had passed since the movant's judgment of conviction became final. As it currently stands, however, the Supreme Court has not yet recognized a new right that is broad enough to encompass the Guidelines' residual clause.

In light of this quandary, several circuit courts have ordered district courts to hold cases in abeyance pending the outcome of Beckles. See In re Patrick, 833 F.3d 584, 589-90 (6th Cir. 2016); Blow v. United States, 829 F.3d 170, 172-73 (2d Cir. 2016). In accord with these decisions, the court concludes that the most appropriate resolution of Defendant's 2255 motion is to hold the motion in abeyance pending the Supreme Court's decision in Beckles.[4]

*V.     Conclusion*

Based on the foregoing analysis, Defendant's initial 2255 motion (Doc. 35) will be held in abeyance pending the Supreme Court's decision in Beckles, at which time the court will consider the timeliness of the motion and, if necessary, its merits. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

---

[4] The court is acutely aware of the perhaps unsatisfying nature of its holding today, especially considering that Defendant may serve the entirety of his original 37-month federal sentence before the Supreme Court issues its decision in Beckles. Unfortunately, the court is constrained by the explicit time limits for filing 2255 motions set forth by Congress in 28 U.S.C. § 2255(f).